IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD N. HORINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05-cv-0079-MJR |
| | ) | |
| CITY OF GRANITE CITY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Before this Court is plaintiff Donald Horina's amended motion for judgment on the pleadings (Doc. 65).

**Factual Background and Procedural History:**

Horina is a Christian who feels obligated to tell others about their need to be "born again." He accomplishes his purpose primarily through public distribution of free religious literature, also known as gospel tracts. Horina offers the tracts on public sidewalks and places them on automobile windshields in a manner that does not impede pedestrian traffic.

On July 26, 2003, while on a public sidewalk in Granite City, Illinois, Horina placed a gospel tract through the open window of a vehicle, resulting in a Granite City police officer issuing a ticket to Horina for violating Granite City Ordinance Chapter 5.78.010,[1] the "Handbill Distribution

---

[1] Ordinance 5.78.010 stated in pertinent part: "It is unlawful for any person, firm or corporation to distribute indiscriminately to the public any cards, circulars, handbills, samples of merchandise or any advertisement or advertising matter whatsoever on any public street or sidewalk or other public place in the city; provided, that this section shall not be construed to prohibit the peddling or sale of any article or publication that may carry or be accompanied

Ordinance" (hereinafter "Ordinance 5.78.010").

On April 19, 2004, Horina appeared at an administrative hearing regarding the ticket. At the hearing, the citation was amended to a charge of trespass to vehicle under a different city ordinance, and Horina was fined $100.00.

On February 4, 2005, Horina initiated this case by filing a complaint for declaratory judgment, preliminary and permanent injunctive relief and compensatory damages (Doc. 1). He sought to enjoin Granite City from enforcing Ordinance 5.78.010 on the grounds that it unconstitutionally prohibited Horina and similarly-situated third persons from exercising their rights to freedom of speech and religion, and violated their equal protection rights under the First and Fourteenth Amendments (*See* Doc. 1). In furtherance of this objective, on April 27, 2005, Horina filed a motion for a temporary and preliminary injunction (Doc. 7) seeking, among other things, preliminary and permanent injunctions restraining Granite City from enforcing Ordinance 5.78.010. On May 20, 2005, this Court held a hearing on that motion and, following that hearing, granted Horina's request for a preliminary injunction prohibiting Granite City from enforcing Ordinance 5.78.010 (*See* Doc. 35).

In response, on November 15, 2005, Granite City repealed Ordinance 5.78.010 and established Granite City Ordinance 7861, entitled "An Ordinance Repealing the Existing Handbill and Leafleting Ordinance and Prohibiting Certain Leafleting" (hereinafter "Ordinance 7861")(*See* Doc. 56, Ex. 1). According to the preamble of Ordinance 7861, the purpose of the ordinance is to protect Granite City residents' "right to free speech, and the desire to be free of unwanted intrusion, trespass, harassment, and litter ...." *Id.* Apparently to further this objective, Ordinance 7861

---

by advertising matter where a charge is made or a price is paid for such article or publication."

enumerates several restrictions on the depositing, distributing, or selling of "handbills," which the ordinance defines as "any leaflet, pamphlet, brochure, notice, handout, circular, card, photograph, drawing, or advertisement, printed on paper or on cardboard." *Id.*

On February 6, 2006, dissatisfied with Granite City's revisions to its handbilling restrictions, Horina filed an amended motion for preliminary injunction (Doc. 53). In that motion, Horina asserted that Ordinance 7861, like its predecessor, is unconstitutional. Specifically, Horina asserted that Ordinance 7861 is vague and overbroad, and curtails more speech than necessary to achieve any compelling, significant, or substantial governmental interest. Horina further argued that Granite City's enforcement of Ordinance 7861 causes him to be irreparably harmed by chilling his exercise of First Amendment rights to freedom of speech and religion.

On March 24, 2006, this Court held a hearing on that motion and, on May 19, 2006, granted that motion and preliminarily enjoined Granite City from enforcing Ordinance 7861 (*see* Doc. 66).

Now before this Court is Horina's amended motion for judgment on the pleadings (Doc. 65). Granite City has filed its response (Doc. 69), to which Horina has filed a reply (Doc. 72). This matter being fully briefed, the Court now rules as follows.

**Analysis:**

A motion for judgment on the pleadings pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law. ***Flora v. Home Fed. Savings & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir. 1982).** The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the

nonmoving party. ***Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986)**. The court, however, is not bound by the nonmoving party's legal characterizations of the facts. *Id.*

In his amended motion for judgment on the pleadings (Doc. 65), Horina argues Ordinance 7861 is both facially unconstitutional and unconstitutional as applied to him. An "as applied" challenge consists of a challenge to a regulation's application only to the party before the court. ***City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758-59 (1998)**. If a statute is found to be unconstitutional "as applied," the statute may not be applied to the challenger, but is otherwise enforceable. *Id.* If a statute is found to be *facially* unconstitutional, on the other hand, the statute may not be applied to *anyone*. *Id.* If this is the case, an "as applied" challenge becomes irrelevant. Accordingly, the Court begins its analysis by determining whether Ordinance 7861 is facially unconstitutional.

*Whether Ordinance 7861 is Facially Unconstitutional*

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech, or of the press." **U.S. CONST. AMEND. I**. This provision applies to state governments under the Fourteenth Amendment. ***Gitlow v. New York*, 268 U.S. 652, 666 (1925)**. The distribution of literature in the nature of "handbills" – as defined by Ordinance 7861 – is a form of speech protected by the Free Speech Clause of the First Amendment. ***Martin v. City of Struthers*, 319 U.S. 141, 143 (1943).** And, as Horina's speech addresses religious matters, it is considered speech of the highest constitutional order. **See *DeBoer v. Vill. of Oak Park*, 267 F.3d 558, 570 (7th Cir. 2001), citing *Capitol Square Review & Advisory Bd. v. Pinette*, 515 U.S. 753, 760 (1995).**

When regulating First Amendment activity in a public forum, the burden a government must meet depends upon whether the speech restriction is "content based" or "content neutral." Both parties to this matter agree that Ordinance 7861 is "content neutral." When a speech restriction is content neutral, the government must show that the restriction is: (1) "narrowly tailored to further substantial government interests," and (2) "leave[s] open ample alternative means for communicating the desired message." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, **460 U.S. 37, 45 (1983).** Accordingly, Ordinance 7861 is facially unconstitutional unless Granite City can show that it is both narrowly tailored to further substantial government interests and leaves open ample alternative means for Horina to communicate his religious message.

The Court first considers whether the Ordinance is aimed at furthering a substantial government interest. Earlier in the procedural history of this matter, regarding Ordinance 7861's predecessor, Ordinance 5.78.010, the Court thoroughly considered this question. Speaking on this issue, this Court stated:

> [T]here is no doubt a city has a legitimate interest in protecting its citizens and ensuring that its streets and sidewalks are safe for all citizens. ***Int'l Soc'y for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 683-85 (1992).** A city's interest in maintaining the flow of pedestrian traffic is intertwined with the concern for public safety. ***See Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 650-51 (1981).** However, Granite City must be able to justify the necessity of the ordinance. In the context of a First Amendment challenge under the narrowly tailored test, Granite City has the burden of showing that there is evidence supporting its proffered justification. ***DiMa Corp. v. Town of Hallie*, 185 F.3d 823, 829 (7th Cir. 1999).**
>
> However, neither at the hearing nor in its pleadings submitted after the Court directed the parties to brief the merits of Horina's preliminary injunction motion, did Granite City offer justification for the necessity of the ordinance. While the Court assumes that some sort of safety and congestion concerns motivated Granite City's invocation of the ordinance, Granite City "cannot blindly invoke safety and congestion concerns without more." ***Weinberg v. City of Chicago*, 310 F.3d 1029, 1038 (7th Cir. 2002).** However, Granite City has offered no empirical studies, no police records, no reported injuries, nor evidence of any lawsuits filed

> as a result of leafleting in Granite City. The Court finds that only speculation exists as to the justification of this ordinance, which is problematic, as the United States Supreme Court has stated that it has "never accepted mere conjecture as adequate to carry a First Amendment burden." *Nixon v. Shrink Missouri Government PAC*, **528 U.S. 377, 392 (2000).** Moreover, "[u]sing a speech restrictive blanket with little or no factual justification flies in the face of preserving one of our most cherished rights." *Weinberg*, **310 F.3d at 1039.** Accordingly, the Court finds that at this stage Granite City has failed to show the ordinance advances a substantial governmental interest. *Cf. Wateska v. Illinois Public Action Council*, **796 F.2d 1547 (7th Cir. 1986),** *aff'd,* **479 U.S. 1048 (1987).**

(Doc. 35, pp. 11-12).

In spite of this Court's clearly-stated recognition of Granite City's failure to produce any evidence or justification for Ordinance 5.78.010, Granite City again failed to present any evidence to satisfy this burden as to Ordinance 7861. Neither in its pleadings nor at the hearing held on March 24, 2006, did Granite City present any evidence or justification for Ordinance 7861. Therefore, this Court granted Horina's preliminary injunction, stating:

> As to Ordinance 7861, this Court's analysis – and conclusion – is much the same [as it was for Ordinance 5.78.010]. Ordinance 7861's stated purpose is to protect Granite City citizens' "desire to be free of unwanted intrusion, trespass, harassment, and litter ...." (Doc. 56, Ex. 1). Nonetheless, as was the case with Ordinance 5.78.010, Granite City again has failed to present to this Court anything but "mere conjecture" as to the justification for Ordinance 7861. Granite City has offered no empirical studies, testimony, police records, reported injuries, or anything else to show that "handbilling" constitutes or in any way results in "unwanted intrusion, trespass, harassment, [or] litter." Moreover, when specifically questioned by the Court on this issue at the March 24th hearing, Granite City conceded that it had not conducted any additional studies or fact-gathering on Ordinance 7861's stated purpose.
>
> Granite City's second failure to present any sort of evidence on this issue is all the more glaring in light of the fact that this Court previously enjoined Granite City from enforcing Ordinance 5.78.010 for that very reason.

(Doc. 66, pp. 6-7).

That Order was issued on May 19, 2006 (*see* Doc. 66). A week later, on May 25, 2006, Granite City filed its response to Horina's amended motion for judgment on the pleadings (*see*

Doc. 69). Therein, Granite City repeatedly asserts that Ordinance 7861's purpose is "to assure the citizens of Granite City the desire to be free of unwanted intrusion, trespass, harassment and litter" (Doc. 69, pp. 1, 3, 6, 7, 8).

Nonetheless, conspicuously absent from Granite City's response is any evidence or argument to support Granite City's purported justification for Ordinance 7861. For the *third* time in this matter, Granite City has failed to offer any empirical studies, testimony, police records, reported injuries, or anything else to show that "handbilling" constitutes or in any way results in "unwanted intrusion, trespass, harassment, [or] litter." In fact, in its response to Horina's motion, Granite City does not even *allege* that such evidence exists.

This Court does not take lightly its inherent power to declare certain legislation unconstitutional. Consequently, this Court delayed ruling upon this issue until it was absolutely certain that Granite City was unable to present evidence supporting Ordinance 7861's purported justification. In light of this concern, this Court held a telephonic status conference on August 17, 2006 (*see* Doc. 76). At that conference, this Court specifically asked Granite City if it would be presenting any further evidence on these issues. Counsel for Granite City informed this Court that it did not intend to present any further evidence or argument regarding Ordinance 7861's purported justification (*see* Doc. 76).

As mentioned, in the context of a First Amendment challenge under the narrowly tailored test, Granite City has the burden of showing that there is evidence supporting its proffered justification. **DiMa Corp. v. Town of Hallie, 185 F.3d 823, 829 (7th Cir. 1999).** "Using a speech restrictive blanket with little or no factual justification flies in the face of preserving one of our most

cherished rights." ***Weinberg*, 310 F.3d at 1039.** Accordingly, Granite City "cannot blindly invoke safety and congestion concerns without more." ***Id.* at 1038.**

In light of Granite City's repeated failure to present *any* evidence justifying Ordinance 7861, the Court finds that only speculation and conjecture exists as to the justification of Ordinance 7861. The United States Supreme Court has "never accepted mere conjecture as adequate to carry a First Amendment burden," ***Nixon v. Shrink Missouri Government PAC*, 528 U.S. 377, 392 (2000),** and neither will this Court. Therefore, the Court **FINDS** that Granite City has failed to show Ordinance 7861 advances a substantial governmental interest. ***Cf. Wateska v. Illinois Public Action Council*, 796 F.2d 1547 (7th Cir. 1986), *aff'd*, 479 U.S. 1048 (1987).**

As Granite City has failed to meet its burden to demonstrate that Ordinance 7861 is "narrowly tailored to further substantial government interests," this Court need not even consider whether Ordinance 7861 "leave[s] open ample alternative means for communicating the desired message." *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, **460 U.S. 37, 45 (1983).** Horina has established that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. ***Flora v. Home Fed. Savings & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir. 1982).**

Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(c),** this Court **FINDS** that Granite City Ordinance 7861, entitled "An Ordinance Repealing the Existing Handbill and Leafleting Ordinance and Prohibiting Certain Leafleting" is not narrowly tailored to advance a substantial government interest, and **GRANTS** Horina's amended motion for judgment on the pleadings (Doc. 65). Further, upon the foregoing, the Court **DECLARES** Ordinance 7861

unconstitutional *on its face*, and **PERMANENTLY ENJOINS** any enforcement of Ordinance 7861.

When this Court granted Horina's first motion for an injunction, it required Horina to post bond in the amount of One Thousand Dollars ($1,000.00) to cover taxable costs in the event Granite City prevailed (*See* Doc. 35). In light of the present ruling, the Court **DIRECTS** the Clerk of the Court to return to Horina the full amount of the posted bond, $1,000.

The jury trial in this matter, currently scheduled for October 30, 2006, will be only on the issue of damages. The final pre-trial conference in this matter is hereby **RESET** for Friday, October 27, 2006 at 2:30 p.m. To allow each party adequate preparation to argue these issues, the Court hereby **GRANTS** Granite City's motion to extend the discovery deadline on the issue of damages (Doc. 77), and **EXTENDS** that deadline to October 20, 2006.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**