IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD N. HORINA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-CV-0079 |
| | ) | **JURY TRIAL DEMANDED** |
| THE CITY OF GRANITE CITY, ILLINOIS, | ) ) | |
|     Defendants. | ) | |

### INTERIM PETITION FOR FEES AND COSTS THROUGH DECEMBER 27, 2006

Plaintiff, DONALD N. HORINA, (hereinafter "Plaintiff"), by his attorneys Mauck & Baker, LLC hereby requests that this Court award attorney's fees and costs as detailed below.

### I. INTRODUCTION

1. On December 27, 2006, this Court issued an Order Following Bench Trial. In that order, plaintiff was named the prevailing party and therefore is given the right to seek attorneys' fees and costs under Fed. R. Civ. Proc. 54(d).

2. Plaintiff's complaint alleged violations under Article 1 § 4 of the Illinois Constitution, the Illinois Religious Freedom Restoration Act, 775 Illinois Compiled Statutes 35/1 *et seq.* and under 42 U.S.C. § 1983 for constitutional violations of Fourteenth Amendment Equal Protection and First Amendment Free Exercise of Religion and Free Speech. As prevailing party under these claims, plaintiff is entitled to reasonable attorneys' fees and costs. *See* 42 USCS § 1988.

3. This document presents Donald Horina's and Mauck & Baker, LLC's request for attorney and paralegal fees, costs and expenses incurred through December 27, 2006, in

the amount of $17,915.77. Through that date, Mauck & Baker, LLC seeks $17,328.75 in attorney and paralegal fees. They also request $587.02 in costs and expenses.

4. This document is in addition to the petition to be submitted by Jason R. Craddock. This document represents the costs incurred by Mauck & Baker, LLC during and related to the time that Mr. Craddock was employed by Mauck & Baker, LLC. Mr. Craddock was employed by Mauck & Baker, LLC from August 9, 2004 through May 6, 2005. Mauck & Baker, LLC incorporates by reference the information submitted by Jason R. Craddock in support of the evaluation of his fee rate contained in his petition for fees.

5. This request is interim because attorney's fees petitioners are entitled to compensation for time, costs and expenses incurred litigating the right to fees. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 161-64, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Prandini v. National Tea Company*, 585 F.2d 47, 53 (3rd Cir. 1978); *Berlak v. Villa Scalabrini Home For The Aged, Inc.*, 284 Ill.App.3d 231, 243, 671 N.E.2d 768, 776 (1st Dist. 1996) (fee petitioners are entitled to "fees incurred during pre-trial, trial, post-trial and appellate representation.").

6. The Supreme Court has recognized the importance of awarding a full fee, including compensation for the expenses of and time spent on the fee application and litigating the issue of a reasonable fee. *Prandini*, 585 F.2d at 53. By including attorneys' fees Congress has declared a public policy in favor of encouraging the private bar to bring civil rates cases. *See* 42 USCS § 1988. A supplemental petition for attorney's fees, costs and expenses will be filed with the reply brief.

7. The following documents are attached: Complaint, Exhibit A; Motion for Temporary and Preliminary Injunction, Exhibit B; Court Order dated August 29, 2005, Exhibit C; Order

Following Bench Trail dated December 27, 2006, Exhibit D; the records showing attorney and paralegal time expended on the case and costs and expenses incurred in the case through December 27, 2006, Exhibit E; the Affidavit of John W. Mauck, Exhibit F; records showing John W. Mauck's billing practices from November 30, 2005 to December 27, 2006, Exhibit G.

## II. STATEMENT OF FACTS

8. Plaintiff is a Christian who regards the Bible as literal authority, and believes that he is obligated to tell as many other people as he can about what he believes is their individual need to be "born again."

9. Plaintiff accomplishes his purpose primarily through the public distribution of Gospel tracts in urban areas where people live and work. Plaintiff, for many years, has utilized the distribution of Gospel tracts on public sidewalks (by offering them to individuals passing by, and by placing them on automobile windshields) as the primary method in communicating the Gospel message to people.

10. On July 26, 2003, at approximately 8:50 a.m., Plaintiff distributed Gospel tracts on a public sidewalk in the City of Granite City, Illinois in the 2000 block of Iowa Avenue, by offering the tracts to passing individuals, and on one occasion putting a tract through an open window of an empty car. A Granite City Police Officer approached Plaintiff and issued to him a citation for having "committed the violation of Indiscriminate Handbill Distribution, in violation of Section 5.78.010 of the Granite City Municipal Code."

11. Granite City Ordinance Chapter 5.78.010 states in pertinent part:

> It is unlawful for any person, firm or corporation to distribute indiscriminately to the public any cards, circulars, handbills, samples of merchandise or any advertisement or advertising matter whatsoever on any public street or sidewalk or other public place in the city; provided, that this section shall not

3

> be construed to prohibit the peddling or sale of any article or publication that may carry or be accompanied by advertising matter where a charge is made or a price is paid for such article or publication."

12. Plaintiff filed a complaint for declaratory judgment, preliminary and permanent injunctive relief and compensatory damages on February 4, 2005. *See* Exhibit A. In that complaint, plaintiff alleged violations of the First and Fourteenth Amendments of the United States Constitution for violation of his equal protection rights as well as free speech and free exercise of religion, actionable by 42 U.S.C. § 1983. On April 27, 2005, plaintiff filed a motion for a temporary and preliminary injunction seeking to restrain Granite City from enforcing Ordinance 5.78.010. *See* Exhibit B.

13. On August 29, 2005, this Court granted plaintiff's request for a preliminary injunction prohibiting Granite City from enforcing Ordinance 5.78.010. *See* Exhibit C.

14. On February 6, 2006, plaintiff filed an amended motion for preliminary injunction in response to revisions to Granite City's handbilling restrictions. On May 19, 2006 this Court granted that motion, and preliminarily enjoined Granite City from enforcing its revised ordinance.

15. On April 21, 2006, plaintiff filed an amended motion for judgment on the pleadings, and was granted by this Court.

16. Finally, on December 21, 2006 this Court awarded damages to plaintiff in its Order Following Bench Trial, and found plaintiff to be prevailing party, thus allowing plaintiff and his attorneys to see attorneys' fees and costs under Fed. R. Civ. Proc. 54(d). *See* Exhibit D.

### III. THE HOURLY RATES LISTED BELOW FOR ATTORNEYS AND PARALEGALS ARE AT OR BELOW MARKET RATE

17. Courts hold that in valuing attorney time for purposes of fee-shifting, the rate which the individual attorney can command in the market place is the measure which should be used. *People Who Care v. Rockford Board Of Education, School District No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996):

    > In determining "reasonable hourly rates," the Supreme Court has repeatedly stressed that "attorney's fees awarded under [Section 1988] are to be based on market rates for services rendered." Missouri v. Jenkins, 491 U.S. 274, 283, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229; . . . The attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate.

18. "[I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the [reasonable attorneys' fees]." *Mathur v. Board of Trustees of Soutern Illinois University*, 317 F.3d 738, 744 (7th Cir. 2003). Here, the fact that plaintiff's attorneys are located in Chicago, not Granite City, a much smaller market with a presumably lower market rate, should not prevent plaintiff's attorneys from collecting their normal hourly rate.

19. Plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, plaintiff was named prevailing party by this Court in its Order Following Bench Trial.

20. The Supreme Court notes that "Congress recognized that reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of money damages." *Riverside v. Rivera*, 477 U.S. 561, 576 (1986). The Supreme Court has noted that awarding attorneys' fees in civil rights cases has a public policy interest in contributing significantly to the deterrence of civil rights violations in the future. *Id.* at

575. The fact that plaintiff prevailed in preventing a significant violation of civil rights by defendant is reason enough to award fees to plaintiff.

21. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. *Hensley,* 461 U.S. at 435. Here, plaintiff clearly has obtained excellent results in obtaining the relief sought.

22. John Mauck is a partner in the law firm of Mauck & Baker. He has been in legal practice for 34 years. He has developed a large degree of proficiency in First Amendment law applied in the church zoning context and has experience in litigation, real estate, zoning and civil rights. Affidavit of John W. Mauck, ¶¶ 1, 3, Exhibit F.

23. Attached as Exhibit G is a list of over 60 cash-paying clients who have retained John W. Mauck, for whom he has done work for and/or been paid legal fees for from November 30, 2005 to December 27, 2006, with 50% being litigation matters and 50 % being transactional matters in the Circuit Court of Cook County, the United States District Court for the Northern District of Illinois and related appellate courts. As detailed in Exhibit G, since November 30, 2005 Mauck has been personally responsible for the cases of these cash paying clients, who have paid him from a high of $600 per hour to a low of $300 per hour. The average hourly rate of the foregoing cash paying clients is $418.67. Thus, the record demonstrates that the hourly rate which Mauck commands in the marketplace is between $300 and $600.

24. However, because of the following, which further supports Mauck's concentration in religious liberty, it is appropriate that Mauck's services in this case be measured at the rate of $500, which is at the high end of the range at which the market values his services:

6

    a. Mauck became involved in the drafting of a new religious freedom law after the Federal Religious Freedom Restoration Act was declared unconstitutional in 1997. *City of Boerne v. Flores*, 531 U.S. 356 (1997). Affidavit of John W. Mauck, ¶ 8.

    b. In 1997, he testified before a subcommittee of the U.S. House Committee on the Constitution chaired by Rep. Henry Hyde, and detailed many examples of churches being denied zoning permission due to religious, racial, political or socio-economic fears. Although the Clinton impeachment process delayed the enactment, eventually Mauck's ideas became law in the Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C. § 2000cc), which was passed unanimously by both houses and signed by President Clinton on September 2000. Affidavit of John W. Mauck, ¶ 8.

    c. As part of his practice and frequently as a pro bono adviser, Mauck has advised clients or other attorneys concerning church zoning matters in Arizona, California, Connecticut, Florida, Hawaii, Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, New Jersey, Texas, Vermont, Washington, Wisconsin, and Wyoming. Affidavit of John W. Mauck, ¶ 7.

    d. He has also written articles on, been quoted in articles, or given interviews about church zoning or religious civil rights. Affidavit of John W. Mauck, ¶ 6.

25. John W. Mauck's time in this case should be valued at $500 per hour. Attorney Jason R. Craddock, who was licensed to practice law in Illinois in 1997, is appropriately compensated at the rate of $225 per hour. Mauck & Baker clients have routinely paid

$125 per hour for the listed paralegals and the paralegals should be compensated at that rate.

26. The award of $500 per hour for Attorney Mauck is consistent with the rate commanded by experienced attorneys in court awards in the relevant market. Magistrate Judge Lefkow in *Alliance To End Repression v. City Of Chicago*, 1993 U.S. Dist. Lexis 1972 (N.D.Ill. 1993) approved a rate of $225 per hour for work performed in 1991 and $250 per hour in 1992 for experienced Chicago area litigators. Judge Lefkow approved an increment of $25 for work performed in 1992 over that performed in 1991 to adjust for inflation. At an increment of $25 a year for inflation, Judge Lefkow's analysis would lead to a $600 per hour rate for experienced Chicago area litigators.

27. In *People Who Care v. Rockford Board Of Education, School District No. 205*, 90 F.3d 1307 (7th Cir. 1996), annual increments over five years ranging from $10-25 were suggested as appropriate on remand. For 1993-94, the rate of $275 was suggested as appropriate for experienced litigators.

28. In *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 895 (7th Cir. 2001), Judge Nordberg's valuation at $350 per hour of an experienced Chicago area attorney with a highly concentrated practice was upheld.

29. In *Lewis v. General Employment Enterprises, Inc.*, 1992 U.S. Dist. Lexis 5464 (N.D.Ill. 1992) Judge Rovner noted that the case "was not particularly difficult or risky". Still, she approved 1992 rates for experienced litigators of $195, $200 and $300.

30. In *Spicer v. Chicago Board Options Exchange, Inc.*, 844 F.Supp. 1226, 1247 (N.D.Ill. 1993), Judge Will awarded attorneys in the position of lead counsel the rate of $275, and attorneys with at least 15 years of experience who were not lead counsel the rate of $240.

8

31. Adjusting these rates for time, it is clear that the fees sought by plaintiff are reasonable.

**WHEREFORE**, Donald Horina and Mauck & Baker, LLC request that the Court:

 A. Award $17,328.75 in attorney and paralegal fees, through December 27, 2006, plus reasonable attorney's fees for time spent after that date;

 B. Award $587.02 in costs and expenses through December 27, 2006, plus reasonable costs and expenses incurred afterward; and

 C. Grant other just relief.

        Respectfully Submitted,

        DONALD HORINA
        MAUCK & BAKER, LLC


        By: /s/ John W. Mauck

John W. Mauck
Mauck & Baker, LLC
One North LaSalle, Suite 600
Chicago, Illinois 60602
(312) 726-1243

F:\Clients\2354\PetitionforFees_010807.doc

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certify that on January 10, 2007, I caused a copy of the foregoing Interim Petition for Fees and Costs Through December 27, 2006 to be served on the persons identified below by electronic transmission through this court's electronic casefiling system.

Hinshaw & Culbertson, LLP
521 West Main Street, Suite 300
Post Office Box 509
Belleville, IL 62222
Attorney for Defendant
heckert@hinshawlaw.com
srafalowski@hinshawlaw.com
jgilbert@hinshawlaw.com

Jason R. Craddock
Attorney at Law
Post Office Box 1514
Sauk Village, Illinois 60412
Attorney for Plaintiff
captain1970@thelifeline.net

                                                 /s/ John W. Mauck