IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD N. HORINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 05-cv-0079-MJR |
| ) | |
| CITY OF GRANITE CITY, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

ORDER AND MEMORANDUM

**REAGAN, District Judge:**

This Order addresses the bills of costs filed by Plaintiff (Doc. 95) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d),** which authorizes federal district courts to award costs (as well as attorneys' fees in appropriate cases) to prevailing parties in lawsuits. Plaintiff's "Interim Petition for Fees and Costs through December 27, 2006" (Doc. 86) and "Motion for Attorneys Fees Pursuant to **42 U.S.C. § 1988**" (Doc. 88) will be addressed in a subsequent order.

I. Background and Introduction

The full procedural history and background of this case is detailed in this Court's "Order Following Bench Trial" (Doc. 83) and will not be repeated in the present Order. For purposes of this Order, it is sufficient to say that Plaintiff is the prevailing party in his First Amendment cause of action against the Defendant, in that Plaintiff succeeded in convincing this Court to declare Granite City Ordinance 7861 unconstitutional (*see* Doc. 78). Following a bench trial on the issue of damages, the Court awarded Plaintiff compensatory money damages in the sum of $2772.00 (*see* Doc. 83).

1

In the motion now before the Court, Plaintiff seeks costs in the total sum of $1622.79. Defendant has filed an objection (*see* Doc. 96), but has abandoned its untimeliness complaint (*see* Doc. 105, p. 2), leaving only two issues in dispute: 1) whether the bill of costs is defective because it lacked the verification required by **28 U.S.C. § 1924**[1]; and 2) whether mileage expenses in the sum of $223.20 incurred by Plaintiff's counsel as a result of three trips to Granite City Municipal Court, where he defended Plaintiff against a municipal ordinance violation charge, are recoverable.

The first issue is easily dispatched because Plaintiff, although belatedly, has filed the requisite **§ 1924** affidavit (see Doc.104-2).

## II.   Applicable Standards

A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." ***Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.),** *cert. denied*, **527 U.S. 1005 (1999);** ***First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985).** Defendants prevail by defeating a claim against them. ***See Perlman v. Zell*, 185 F.3d 850, 858-59 (7th Cir. 1999).**

In relevant part, **FEDERAL RULE OF CIVIL PROCEDURE 54** provides:

> **(d)(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

**FED. R. CIV. P. 54(d)(1).**

This rule has been interpreted to create a strong presumption that a prevailing party

---

[1]   **28 U.S.C. § 1924**, requires that the party filing a bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case.

2

shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks v. Samsung Heavy Industries Company, Ltd.*, 126 F.3d 926, 944 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945, *citing Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will suffice to justify denying costs. *Weeks*, 126 F.3d at 945, *citing id.* The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998); *Gardner v. Southern Railway Systems*, 675 F.2d 949, 954 (7th Cir. 1982).

In the instant case, Horina is clearly a "prevailing party" within the meaning of **FED. R. CIV. P. 54(d)**. He succeeded in obtaining a preliminary and permanent injunction enjoining the enforcement of Granite City Ordinance No. 5.78.010 and further succeeded in declaring its successor ordinance, No. 7861 unconstitutional.

Costs do not include *all* litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981).

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

    **(1)**    Fees of the Clerk and Marshal;

    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    Docket fees under Section 1923 of this Title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

The sole remaining dispute as to this particular bill of costs is whether Plaintiff's counsel can claim mileage reimbursement for three trips made to municipal court in order to defend Horina from a charge of violating Granite City Ordinance No. 5.78.010, the original handbilling prohibition. Defendant claims he cannot recover these expenses because Plaintiff's attorney's appearance "at a municipal court action was not related to the prosecution of Plaintiff's claims nor was the appearance necessary to accomplish the goal of prevailing in the United States District Court for the Southern District of Illinois" (*see* Doc.105, p. 2 ). This argument, while persuasive, overlooks a fact that is fatal to Plaintiff's attempt to recover mileage expenses as costs: mileage expenses of attorneys are not recoverable costs under **28 U.S.C. § 1920,** even if the travel was incurred in the federal court case.

"Expenses that are not on the statutory list must be borne by the party incurring them." ***Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998).** Mileage of counsel is not on the statutory list in **28 U.S.C. § 1920.** Accordingly, Plaintiff's request for costs for mileage expenses is **DENIED**.

In addition, mileage for appearances in the federal action as well as conference calls and photocopies in the municipal action similarly are not allowable as costs under **28 U.S.C. § 1920.** Expenses of attorneys, including travel expenses incurred in attending depositions, pretrial

4

conferences and trial are not recoverable as costs. *See Wahl v. Carrier Mfg. Co., Inc.*, **511 F. 2d 209, 217 (7th Cir. 1975);** *Kiefel v. Las Vegas Hacienda, Inc.,* **404 F.2d 1163, 1170 (7th Cir. 1968).**

The remaining costs requested in Plaintiff's bill of costs ($150.00 filing fee; $100 *pro hac vice* fee) are approved for a total of $250.00.

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** *in part* and **DENIES** *in part* Plaintiff's bill of costs (Doc. 95).

**IT IS SO ORDERED.**

**DATED this 9th day of February, 2007.**

> s/**Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**