IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONALD N. HORINA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05-cv-0079-MJR |
| | ) | |
| **CITY OF GRANITE CITY, ILLINOIS,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Before this Court is Granite City's motion to stay execution of judgment (Doc. 93). Therein, Granite City informs this Court that it has filed a notice of appeal from the monetary judgment entered in this matter (*see* Doc. 92) and requests a stay of execution of the damages award entered in favor of Plaintiff Donald Horina (*see* Doc. 93). Granite City moves for the stay pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 62(f)** and **Illinois Supreme Court Rule 305(i),** asserting that requiring a bond would result in an unnecessary expense to the City (Doc. 93, p. 2), and requesting that a stay of execution on Horina's award of damages be entered until the appeal is complete.

Rule 62(f) provides that a district court, in accordance with state law, can stay the execution of a judgment, and thereby waive the requirement that the appellant post a bond. *See* **FED. R. CIV. P. 62(f).** The burden is on the party seeking a stay of the enforcement to objectively demonstrate reasons to depart from the requirement that the party post a full supersedeas bond. *Spellman v. Aetna Plywood, Inc.,* **1992 WL 80528 at \*1 (N.D.Ill. 1992).**

In Illinois, a judgment entered, once recorded, acts as a lien against the judgment debtor, in this case Granite City. As mentioned, Granite City asserts that requiring a bond in this matter would result in an unnecessary expense to the City. In response, Horina misconstrues Granite City's motion as one for an *automatic* stay, and fails to provide this Court with any reason that harm would accrue to the parties should this Court order a stay of the execution of the monetary judgment awarded Horina. Moreover, the Court notes that the monetary award in this matter is relatively trivial, amounting to only $2772.00 (*see* Doc. 84). While this Court likely would require a more convincing showing from Granite City were the amount at issue significantly larger, this lesser amount greatly diminishes the probability that any harm that would accrue to Horina from a stay in the execution of judgment.

Accordingly, pursuant to **FED. R. CIV. P. 62(f),** the Court **FINDS** that no harm would accrue to the parties should the Court enter a stay of execution pending appeal, and that a stay of execution would alleviate Granite City from an unnecessary expense. The Court therefore **GRANTS** Granite City's motion for stay of execution (Doc. 93), and **WAIVES** Granite City's requirement to post a bond pending its appeal. The Court clarifies that this stay applies only to the *monetary* judgment in this matter. The non-monetary judgment entered in this matter (*i.e.* the declaration of Granite City Ordinance 7861 as unconstitutional) remains in full force and effect.

**IT IS SO ORDERED.**

**Dated this 28th day of February, 2007.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**