**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DONALD N. HORINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **05-cv-0079-MJR** |
| | ) | |
| **CITY OF GRANITE CITY, ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**REAGAN, District Judge:**

Before this Court is Granite City's motion to stay execution of judgment (Doc. 134). Therein, Granite City informs this Court that it has filed a notice of appeal from the monetary judgment entered in this matter (*see* Doc. 92) and requests a stay of execution of the Court's award of fees and costs entered in favor of Plaintiff Donald Horina. The fees relate to attorneys fees rendered by attorney Jonh Mauck, and later by attorney Jason Craddock. Granite City moves for the stay pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 62(f)** and **Illinois Supreme Court Rule 305(i)**, asserts that requiring a bond would result in an unnecessary expense to the City, and requests that a stay of execution on Horina's award of fees and costs be entered until the appeal is complete.

Rule 62(f) provides that a district court, in accordance with state law, can stay the execution of a judgment, and thereby waive the requirement that the appellant post a bond. *See* **FED. R. CIV. P. 62(f)**. The burden is on the party seeking a stay of the enforcement to objectively demonstrate reasons to depart from the requirement that the party post a full supersedeas bond. *Spellman v. Aetna Plywood, Inc.,* **1992 WL 80528 at \*1 (N.D.Ill. 1992) (unpublished).**

1

In Illinois, a judgment entered, once recorded, acts as a lien against the judgment debtor, in this case Granite City.  As mentioned, Granite City asserts that requiring a bond in this matter would result in an unnecessary expense to the City.

Granite City represents to the Court that attorney Jason Craddock has no objection to the motion.  Additionally, neither Horina nor attorney Mauck have objected to the motion.  As such, there has been no showing that a stay in the execution of the judgment for fees and costs would cause any harm to Horina, Craddock, or Mauck.

Accordingly, pursuant to **FED. R. CIV. P. 62(f)**, the Court **FINDS** that no harm would accrue to the parties should the Court enter a stay of execution pending appeal, and that a stay of execution would alleviate Granite City from an unnecessary expense.

The Court therefore **GRANTS** Granite City's motion for stay of execution (Doc. 134), and **WAIVES** the requirement that Granite City post a bond in this case.

**IT IS SO ORDERED.**

**Dated this 15th day of November 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
